UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARK STANCZAK,

Plaintiff,

v. Case No: 8:25-cv-02626-JLB-LSG

THE BOEING COMPANY, a
Delaware Corporation,

Defendants.
_______________________________________/

# ORDER

This cause comes before the Court on Plaintiff Mark Stanczak's Motion to Transfer Venue to the United States District Court for the Southern District of California (Doc. 51). Defendant The Boeing Company ("Boeing") filed a response in opposition (Doc. 57), and Plaintiff filed a reply (Doc. 65). Upon careful review, the Court concludes that Plaintiff's Motion to Transfer Venue (Doc. 51) is due to be **DENIED** because Plaintiff fails to establish that venue would be proper in that Court pursuant to 42 U.S.C. § 2000e-5(f)(3).

## BACKGROUND

Plaintiff first filed this employment-law case in the United States District Court for the Central District of California on July 8, 2025, asserting two claims under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*, and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. (Doc. 1). That Court transferred Plaintiff's case here to the United States District Court for the Middle District of Florida because of Plaintiff's residency within the State of Florida and because venue did not exist in the Central District of California pursuant to Title VII's venue provision, 42 U.S.C. § 2000e-5(f)(3). (Doc. 20).

On February 2, 2026, Plaintiff filed an Amended Complaint (Doc. 50) with leave of Court, which added four California state-law claims for breach of contract, fraud in the inducement, violation of California Labor Code § 970, and negligent misrepresentation, in addition to restating his ADEA and Title VII retaliation claims.

Plaintiff now asks the Court to transfer this case back to California, specifically to the United States District Court for the Southern District of California pursuant to 28 U.S.C. 1404(a), because of that forum's connection to Plaintiff's California state-law claims. (Doc. 51). Boeing opposes Plaintiff's motion to transfer because it contends that venue would not exist in the Southern District of California under Title VII's venue provision. (Doc. 57).

## LEGAL STANDARD

28 U.S.C. 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." "It is the movant's burden to persuade the court that a transfer should be granted." *Perlman v. Delisfort-Theodule*, 451 F. App'x 846, 848 (11th Cir. 2012) (citations omitted). "[T]he decision whether to transfer a case is left to the sound discretion of the district court and is reviewable only for an abuse of that discretion." *Roofing & Sheet Metal Servs., Inc. v. La Quinta Motor Inns, Inc.*, 689 F.2d 982, 985 (11th Cir. 1982). In determining whether a motion to transfer is appropriate, courts generally consider several factors. *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 (11th Cir. 2005).

Importantly, however, "venue must be proper for each claim." *C.M. v. Noem*, 796 F. Supp. 3d 1198, 1227 (M.D. Fla. 2025). And a more specific venue statute controls over the general venue statute, 28 U.S.C. § 1391. *Atlantic Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 55 n.2 (2013). Therefore, a court should not transfer a case to another jurisdiction where venue for any of the plaintiff's claims would not exist. *See* 28 U.S.C. 1404(a) (permitting a court to transfer a case to any district where it "might have been brought"); *Harvard v. Inch*, 408 F. Supp. 3d 1255, 1260 (N.D. Fla. 2019). In reviewing a motion to transfer venue, a district court also has the authority to make factual findings necessary to resolve the motion. *See Bryant v. Rich*, 530 F.3d 1368, 1376 (11th Cir. 2008).

## DISCUSSION

Plaintiff seeks transfer to the United States District Court for the Southern District of California because of that jurisdiction's connection to Plaintiff's California state-law claims. (Doc. 51). Specifically, Plaintiff's California state-law claims concern contractual negotiations that occurred between him and Boeing while he lived in San Diego, California—within the Southern District of California. (*See* Docs. 50, 51). Boeing contends that such a transfer should not be granted because venue would not exist in the Southern District of California under Title VII's more specific venue provision, 42 U.S.C. § 2000e-5(f)(3). (Doc. 57).

"The venue provisions of § 2000e-5(f)(3) were intended to be the exclusive venue provisions for Title VII employment discrimination actions . . . ." *Pinson v. Rumsfeld*, 192 F. App'x 811, 817 (11th Cir. 2006). Section 2000e-5(f)(3) provides:

> [A]n action may be brought [1] in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, [2] in the judicial district in which the employment records relevant to such practice are maintained and administered, or [3] in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice . . . .

42 U.S.C. § 2000e-5(f)(3).

Here, Plaintiff's only basis for alleging that venue exists under Title VII in the United States District Court for the Southern District of California is that Boeing's employment records are maintained and administered within that district. (Doc. 51 at 7). And his only support for that allegation is an email between himself and a Boeing HR Operations employee that listed the employee's location as "San Diego, CA" and listed a phone number with a San Diego area code. (*Id.* at 7; Doc. 65

at 5). Boeing has not presented any evidence stating where its employment records are kept, but it denies that Plaintiff's records were maintained in California. (Doc. 17 at 5). Specifically, Boeing states as follows: "Boeing is incorporated in the State of Delaware and has its World Headquarters in Arlington, Virginia. Further, Plaintiff resided and worked in Florida. As such, his personnel file is maintained by Boeing outside California." (*Id.*); *see Boudreaux v. Potter*, No. 1:08-CV-0384-WSD/AJB, 2008 WL 11334463, at *5 (N.D. Ga. Oct. 8, 2008) (accepting counsel's representations concerning the location of employment records based on counsel's duties of candor under Federal Rule of Civil Procedure 11(b)(3)), *report and recommendation adopted in part*, No. 1:08-cv-0384-WSD-AJB, 2008 WL 11336489, at *1 (N.D. Ga. Oct. 30, 2008). The Court accepts Boeing's counsel's representation that Plaintiff's personnel file is maintained outside of California.

The Court finds that Plaintiff's evidence fails to meet his burden to demonstrate that Boeing's "employment records relevant to [its allegedly unlawful employment practices] are maintained and administered" from a location within the Southern District of California. 42 U.S.C. § 2000e-5(f)(3); *see Perlman*, 451 F. App'x at 848. Plaintiff's email demonstrates only that a single HR employee is based out of San Diego, and courts have recognized that an employee's mere ability to access employment records from a given location does not demonstrate that the documents were "maintained and administered" from that location pursuant to section 2000e-5(f)(3). *See, e.g.*, *Jyachosky v. Winter*, Nos. Civ.A.04-01733(HHK), Civ.A.04-01734(HHK), 2006 WL 1805607, at *2 (D.D.C. June 29, 2006) (rejecting a plaintiff's

argument that employment records were maintained from a location simply because some officers might have retained copies of the records there); *Pinson*, 192 F. App'x at 817 (concluding that a plaintiff provided no evidence to show that his desired venue "was the location where his personnel records were maintained by an official custodian . . . ."); *Washington v. Gen. Elec. Corp.*, 686 F. Supp. 361, 363 (D.D.C. 1988) ("From the statute's use of the singular, it is clear that Congress intended venue to lie on the basis of the presence of records only in the one judicial district in which the complete, 'master' set of employment records is 'maintained and administered.'").

Plaintiff argues that the United States District Court for the Central District of California's transfer Order (Doc. 20) provides support for his allegation that Boeing's employment records are located within the Southern District of California. (Doc. 51 at 7). The Court disagrees. The Central District of California's transfer Order merely observed that "[w]hile Plaintiff has identified a single coworker who resided in California, the Complaint does not allege that this coworker was involved in any way with the alleged discrimination. Finally, while Plaintiff alleges that he had contact with [Boeing's] HR in California related to the alleged discrimination, he states that HR was based in San Diego, which is located in the Southern District of California." (Doc. 20 at 6). The United States District Court for the Central District of California did not conclude that Boeing's employment records are located within the Southern District of California. (*See id.*). Thus, that Central District of California's reasoning is in line with the Court's reasoning here.

The Court rejects Plaintiff's sole argument supporting his request to transfer venue to the Southern District of California—that the employment records relevant to Plaintiff's employment claims are maintained and administered by Boeing in the Southern District of California. *See* 42 U.S.C. § 2000e-5(f)(3). And because Plaintiff's employment-related claims are more specific to section 2000e-5(f)(3)'s venue provision, the Court need not analyze the more general venue statute, 28 U.S.C. § 1404(a). Therefore, Plaintiff's Motion to Transfer Venue to the United States District Court for the Southern District of California (Doc. 51) is **DENIED**.

**ORDERED** in Tampa, Florida, on September 4, 2026.

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE